**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1878**

KNOX ENERGY, LLC; CONSOL ENERGY, INC.,

       Plaintiffs - Appellees,

     v.

GASCO DRILLING, INC., a Virginia Corporation,

       Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, District Judge. (1:12-cv-00046-JPJ-PMS)

Argued: May 8, 2018                            Decided: June 11, 2018

Before NIEMEYER, MOTZ, and FLOYD, Circuit Judges.

Affirmed by unpublished opinion. Judge Niemeyer wrote the opinion, in which Judge Motz and Judge Floyd joined.

**ARGUED:** Daniel G. Bird, KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C., Washington, D.C., for Appellant. Michael John Finney, Monica Taylor Monday, GENTRY LOCKE, Roanoke, Virginia, for Appellees. **ON BRIEF:** Cynthia D. Kinser, H. David Gibson, GENTRY LOCKE, Roanoke, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

NIEMEYER, Circuit Judge:

Knox Energy, LLC, and Consol Energy, Inc. (collectively "Consol") commenced this action seeking a declaratory judgment that a drilling contract that Consol had allegedly entered into with Gasco Drilling, Inc., was unenforceable. Consol contended that there was no meeting of the minds because it accidentally sent an unexecuted drilling contract form to Gasco and then inadvertently signed it once Gasco returned the completed form. It alleged that Gasco knew that Consol had not intended to enter into the drilling contract, as Consol had previously informed Gasco that it was not interested in entering into the type of drilling contract that Gasco claims they formed and that it had already entered into a drilling contract with another drilling company for the period in question. Gasco filed a counterclaim, disputing Consol's account of the facts and asserting that the contract was valid and enforceable and that Consol was in breach of it.

A jury returned a verdict in favor of Consol, finding that there had been no "meeting of the minds — mutual assent."

On appeal, Gasco contends (1) that the district court erred in instructing the jury on mutual assent; (2) that Consol engaged in discovery misconduct, warranting a new trial; and (3) that the district court abused its discretion in excluding a document that Gasco sought to introduce during trial, also warranting a new trial. For the reasons that follow, we affirm.

2

# I

Gasco contends that the district court erred in instructing the jury on mutual assent, arguing that the instruction it gave conflicted with established Virginia contract law, which applies in this diversity action. It argues in particular that (1) the instruction misled the jury to believe that parties to a contract must have the same *subjective* intentions for a valid contract to exist when only *objective* manifestations of intent are relevant; (2) the court's instruction conflated the element of mutual assent with the concept of unilateral mistake, thereby wrongly imposing on Gasco the burden to disprove Consol's affirmative defense of mistake; (3) the court's statement that a "party cannot snap up an offer that is too good to be true" directly contravenes Virginia law; and (4) the district court improperly rejected Gasco's proposed clarification that mutual assent turns "exclusively on the express communications between the parties at the time the [contract] was executed."

In response, Consol contends that the district court's instructions were entirely consistent with Virginia law and that much of the language to which Gasco objects was quoted directly from Virginia cases. It claims that Gasco's arguments rest on isolated words and phrases selected from the instructions and divorced from their context.

In instructing the jury on mutual assent, the district court stated:

> For a contract to exist, the minds of the parties must have met on every material term of the alleged agreement. Whether the minds have met is a question of intention. For there to be an agreement, the parties must have a distinct intent common to both and without doubt or difference. Because the offer and acceptance may be by word, act or conduct, a meeting of the minds may be shown by direct evidence of intent, or by indirect evidence of facts which imply intent. If a party's words or actions warrant a reasonable

3

person in believing that it intended a real agreement, its contrary, but unexpressed, state of mind is immaterial.

A party cannot snap up an offer that is too good to be true. If either party knew, or should have known, that the other had made a mistake with respect to the alleged agreement, then there was no meeting of the minds, and no contract.

We have examined this instruction carefully in light of Gasco's arguments and conclude that it fairly states Virginia law on mutual assent.

Virginia contract law echoes the familiar first principles of the common law, that the party seeking to recover in an action for breach of contract has the burden of establishing the existence of a legally enforceable agreement. *See Valjar, Inc. v. Maritime Terminals, Inc.*, 265 S.E.2d 734, 736 (Va. 1980). Under Virginia law, the "mutuality of assent — the meeting of the minds of the parties — is an essential element of all contracts." *Phillips v. Mazyck*, 643 S.E.2d 172, 175 (Va. 2007) (quoting *Lacey v. Cardwell*, 217 S.E.2d 835, 843 (Va. 1975)). Stated otherwise, a valid contract cannot exist unless the parties to the contract intentionally entered into an *agreement* — that is, the parties mutually assented to the formation of a contract. *See Lucy v. Zehmer*, 84 S.E.2d 516, 522 (Va. 1954). This requirement, however, is measured *objectively*, whereby "the law imputes to a person an intention corresponding to the reasonable meaning of his words and acts." *Id.* "If his words and acts, judged by a reasonable standard, manifest an intention to agree, it is immaterial what may be the real but unexpressed state of mind." *Id.* "A meeting of the minds [therefore] requires a *manifestation* of mutual assent, and a party's mental reservation does not impair the contract he purports to enter." *Wells v. Weston*, 326 S.E.2d 672, 676 (Va. 1985).

4

Accordingly, a party's "undisclosed intention," or lack thereof, "in light of his actions cannot defeat the terms of the bargain he voluntarily entered." *Id*.

In its first assignment of error, Gasco contends that the district court's instruction required the parties to have "the same *subjective* intentions," which is inconsistent with the required *objective* manifestation of intent. Its argument, however, cannot be fairly sustained in light of the instruction actually given. The district court stated, "If a party's words or actions warrant *a reasonable person* in believing that it intended a real agreement, *its contrary, but unexpressed, state of mind is immaterial*." (Emphasis added). This instruction calls for an objective manifestation of intent, not subjective. It is not only the correct standard, but it also employs the precise language that we used in this case on a prior appeal. We stated that if the district court were to give the instruction that it actually gave, "the jury would have been instructed that its decision on mutual assent must rest on the objective circumstances." *Knox Energy, LLC v. Gasco Drilling, Inc.*, 637 F. App'x 735, 740 (4th Cir. 2016).

Gasco next contends that the district court erroneously conflated the concept of mutual assent with the affirmative defense of unilateral mistake, which Consol would have the burden of establishing. Gasco is apparently challenging the portion of the district court's instruction in which it stated, "If either party knew, or should have known, that the other had *made a mistake* with respect to the alleged agreement, then there was no meeting of the minds, and no contract." (Emphasis added). In using the word "mistake," however, the district court was describing a factual circumstance that could support a finding of no meeting of the minds. The court was not suggesting that because

5

Consol made a mistake regarding the contract's contents it was entitled to be relieved of the contract's obligations, as a defendant typically maintains when mounting a mistake defense. *See, e.g.*, *Ward v. Ward*, 387 S.E.2d 460, 462 (Va. 1990). Rather, the court was, in context, noting that when one party's mistaken entry into a purported contract is coupled with the other party's knowledge of that mistake, there is no meeting of the minds; there is no mutual assent as required to form a valid contract. And we explained as much in *Knox Energy*, where we stated that if "Gasco knew or should have known that Consol made a mistake, we agree there was no mutual assent." 637 F. App'x at 738. That is the precise explanation that the district court gave to the jury, and it accurately represented the factual disputes at trial. Consol contended that it sent the contract form to Gasco in error and that Gasco knew, or should have known, that it was sent in error and was not intended to be the basis for a contract. Given that context, the statement accurately describes the requirement under Virginia law of mutual assent to the agreement. *See Phillips*, 643 S.E.2d at 175.

Gasco next contends that the district court erred in telling the jury that a party "cannot snap up an offer that is too good to be true." Not only is that language taken out of context from our prior opinion, but it is also taken out of context from the district court's instructions. The district court gave that instruction in relation to the principle taken from *Lucy* that a party cannot claim that a valid contract exists *if it knew* that the other party never intended to enter into an agreement. Thus, the court informed the jury that Gasco could not "snap up" Consol's mistaken offer and take advantage of that error

6

if it knew or a reasonable person would have known that Consol had indeed made a mistake.

Finally, Gasco contends that the district court erred in rejecting its own proposed instruction that assent turns "exclusively on the express communications between the parties at the time the [contract] was executed." While the district court substantially gave that instruction, it did not limit the jury to consideration of communications *at the time* the contract was executed. Such a limitation would be both unsupported by case law and by commonsense. *See Lucy*, 84 S.E.2d at 522 (explaining that the parties' "words and acts, *judged by a reasonable standard*, [must] manifest an intention to agree, [and] it is immaterial what may be the real but unexpressed state of his mind" (emphasis added)); 1 Samuel Williston & Richard A. Lord, *A Treatise on the Law of Contracts* § 3:5 (4th ed. 2008) ("When making this determination [of how a reasonable person would view the manifestation of assent], a court must consider *the totality of the circumstances* surrounding the parties at the time they manifest an intention to contract" (emphasis added)).

Taking the district court's instructions as a whole, we conclude that the court did not err in instructing the jury on mutual assent. Applying the court's instructions to the facts, the jury found that there was no meeting of the minds — no mutual assent — between the parties and accordingly rendered a verdict in favor of Consol. Since Gasco does not challenge the jury's factual findings, we affirm.

## II

Gasco nonetheless requests a new trial based on alleged misconduct by Consol during discovery and, alternatively, the district court's ruling excluding a document that Gasco offered into evidence during trial.

As to its first argument, Gasco argues that Consol engaged in misconduct justifying a new trial under Federal Rule of Civil Procedure 60(b)(3) by failing to disclose a drilling contract that Consol had entered into with a third party — a contract the parties called the 2012 Noah Horn Contract. To succeed in such a motion, Gasco was required (1) to demonstrate that it had a meritorious claim; (2) to prove the misconduct by clear and convincing evidence; and (3) to demonstrate that the misconduct prevented it from fully and fairly presenting that claim. *See Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994). And once the court received that evidence, it was required to "balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine within its discretion whether relief [was] appropriate." *Id*. (quoting *Square Constr. Co. v. Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981)).

While Gasco argued to the district court that Consol was required by Gasco's discovery requests to disclose the 2012 Noah Horn Contract, a fact that Consol disputed, the district court, after considering those arguments in the broader context of the discovery process, concluded that Gasco failed, as required by Rule 60(b)(3), to prove by clear and convincing evidence that Consol engaged in any misconduct. The court also concluded that, in any event, Gasco failed to show that it was prevented from presenting

8

its claim that it neither knew nor should have known that Consol made a mistake because the 2012 Noah Horn Contract was executed *after* the parties allegedly entered into the contract at issue in this case. After a careful review of the record and the parties' arguments, we conclude that the district court did not abuse its discretion in refusing to grant Gasco's Rule 60(b)(3) motion for a new trial for the alleged discovery misconduct.

As to its evidentiary challenge, Gasco argues that it was entitled to a new trial also because the district court erred in excluding the same 2012 Noah Horn Contract from evidence when Gasco sought to introduce it on the third day of trial. The district court excluded the document because it was not identified on Gasco's exhibit list and was offered in the middle of trial without prior notice to Consol. In making such a ruling, the court was required to consider various factors, including, but not limited to, the surprise to the other party and its ability to cure that surprise, the potential disruption to trial, the importance of the evidence, and any explanations for not properly disclosing it. *See S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

The record shows that the district court considered the relevant factors, including the various arguments advanced by Gasco about why the document was produced late and why it should nonetheless be admitted at trial given its professed importance. It also considered the arguments advanced by Consol that admitting the document would be unfair and that the document was, in any case, not relevant. In its written order, the court stated, "I considered these factors during the trial and I have considered them again here. Gasco's argument fails for the same reasons stated above. The evidence was of limited relevance, and its probative value was outweighed by its unfair surprise to [Consol's]

9

counsel and its potential to create undue delay." In addition, the court concluded that "Gasco was not justified in waiting until the third day of trial to disclose to [Consol] a document that it had received a week earlier pursuant to a subpoena" issued to Noah Horn, the other party to the 2012 Noah Horn Contract. We conclude that the court did not abuse its discretion in excluding the document.

The challenged rulings by the district court clearly fell within a trial court's broad discretion to manage litigation, and after carefully reviewing the record and the arguments of counsel, we conclude, as explained, that the district court did not abuse that discretion in making those rulings and in denying Gasco a new trial.

AFFIRMED